IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THE PRIME INSURANCE SYNDICATE, INC.,   ) | |
| ) | |
|     Plaintiff,   ) | |
| ) | |
| v.                                                                          ) | Civil Action No. 2:08cv185-WKW |
| ) | |
| CLAUDE J. ZITO d/b/a LEVEL ACRES   ) | |
| MOBILE HOME ESTATES, et al,   ) | |
| ) | |
|     Defendants.   ) | |

## BRIEF IN SUPPORT OF MOTION TO DISMISS

COME NOW the Defendant, Claude J. Zito d/b/a Level Acres Mobile Home Estates (referred to herein sometimes as "Zito"), and in support of his motion to dismiss, shows unto this Honorable Court the following:

### INTRODUCTION

On or about the 10th day of July, 2008, Zito was sued in the Circuit Court of Barbour County, Alabama, Eufaula Division in the case styled <u>Bernie Keys, et al. v. Level Acres Mobile Home Estates</u>, Case No. CV-07-49.

On the 17th day of March, 2008, Plaintiff, The Prime Insurance Syndicate, Inc. (hereinafter "Prime"), filed its complaint for declaratory judgment to determine the rights and obligations of Prime under a policy of insurance it issued to Zito regarding the above said case styled <u>Bernie Keys, et al. v. Level Acres Mobile Home Estates</u>, Case No. CV-07-49. On or about the 26th day of March, 2008, Zito was served with Prime's complaint.

### STANDARD OF REVIEW

"The Declaratory Judgment Act is 'an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant.' It only gives the federal courts competence to

- 1 -

make a declaration of rights; it does not impose a duty to do so." <u>Ameritas Variable Life Ins. Co. v. Roach</u>, 411 F.3d 1328, 1330 (11thCir. 2005) (citations omitted).  The dismissal of a declaratory judgment action is reviewed for abuse of discretion.  <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 277, 289-90 (1995).

## ARGUMENT

**Scrutiny of the Factors Set Forth in <u>Ameritas</u> Requires Dismissal of Plaintiff's Complaint.**

In <u>Ameritas Variable Life Ins. Co. v. Roach</u>, 411 F.3d 1328 (11thCir. 2005), the Court adopted several factors to be considered by the district court in determining whether to abstain from exercising jurisdiction over state-law claims in the face of parallel litigation in the state courts.  The factors for consideration to aid district courts in balancing state and federal interests include the following:

"(1)   the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;

"(2)   whether the judgment in the federal declaratory action would settle the controversy;

"(3)   whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;

"(4)   whether the declaratory remedy is being used merely for the purpose of 'procedural fencing'-that is, to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case otherwise not removable;

"(5)   whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;

"(6)   whether there is an alternative remedy that is better or more effective;

"(7)	whether the underlying factual issues are important to an informed resolution of the case;

"(8)	whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

"(9)	whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action."

Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328, 1331 (11thCir. 2005). This list is not exhaustive and not one factor is controlling. Id.

Under scrutiny of the factors listed above, it is clear the present case should be dismissed. A declaratory judgment action is not necessary in federal court as the issues raised in Prime's complaint can be addressed in state court under Alabama's Direct Action Statute. See Ala.Code 1975 § 27-23-2. It seems Prime is attempting to avoid a state court proceeding by racing to federal court. Prime's complaint for declaratory judgment is due to be dismissed.

WHEREFORE, THE PREMISES CONSIDERED, Defendant, Claude J. Zito d/b/a Level Acres Mobile Home Estates, prays this Honorable Court will dismiss Plaintiff's complaint for declaratory judgment.

Respectfully submitted this the 14th day of April, 2008.

__s/ Clint Wilson_____
Clint Wilson(WIL362)
Attorney for Petitioner
OF COUNSEL:
McCOLLUM CRUTCHFIELD & WILSON
363-B East Glenn Avenue
Auburn, Alabama 36830
(334) 821-7799

## CERTIFICATE OF SERVICE

  I hereby certify that I have served a copy of the foregoing document on the parties listed below electronically or by placing a copy of the same in the United States mail, postage prepaid, to their correct address on this the 14th day of April, 2008.

__s/ Clint Wilson_____
Clint Wilson(WIL362)
Attorney for Petitioner
OF COUNSEL:
McCOLLUM CRUTCHFIELD & WILSON
363-B East Glenn Avenue
Auburn, Alabama 36830
(334) 821-7799


Level Acres Mobile Home Estates
1253 North Eufaula Avenue
Eufaula, AL 36027

EPA, LLLP d/b/a Level Acres Mobile Home Estates
1253 North Eufaula Avenue
Eufaula, AL 36027

Bernie and Katie Keys
c/o Mr. Richard F. Horsley
1 Metroplex Drive, Suite 280
Birmingham, AL 35209

Ms. Dorothy Powell
P.O. Box 530630
Birmingham, AL 35253-0630

Mr. Robert Gardner Poole
600 Ave. A
Opelika, AL  36801