IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |  |
|---|---|---|
| THE PRIME INSURANCE SYNDICATE, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CV- 2:08cv-00185-WKW |
| CLAUDE J. ZITO d/b/a LEVEL ACRES MOBILE HOME ESTATES, EPA, LLLP d/b/a LEVEL ACRES MOBILE HOME ESTATES, LEVEL ACRES MOBILE HOME ESTATES, BERNIE KEYS, and KATIE KEYS, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## PLAINTIFF'S RESPONSE AND OBJECTION TO MOTION TO DISMISS

COMES NOW The Prime Insurance Syndicate, Inc., the Plaintiff in the above-styled cause, and submits this Response and Objection to Motion to Dismiss filed by Claude J. Zito d/b/a Level Acres Mobile Home Estates (hereinafter "Zito").

I.   Statement Of Facts.

The Prime Insurance Syndicate, Inc. issued a claims made policy of insurance to Claude J. Zito d/b/a Level Acres Mobile Home Estates, Policy No.: CP0603191 for a policy period of March 3, 2006 to March 3, 2007, with a retroactive date as March 3, 2006. See Exhibit 1 attached to Notice of Filing. American Empire Surplus Lines issued a policy of insurance issued to EPA, LLLP d/b/a Level Acres Mobile Home Estates, Policy No.: 7CG23139 for a policy period of March 3, 2007

to March 3, 2008. See Exhibit 2 attached to Notice of Filing.

On July 10, 2007, after the expiration of The Prime Insurance Syndicate, Inc.'s claims made policy of insurance, Bernie and Katie Keys filed suit against Level Acres Mobile Home Estates in the Circuit Court of Barbour County, Alabama, Eufaula Division. The lawsuit is styled Bernie Keys, et al. v. Level Acres Mobile Home Estates, CV-07-49, and is pending in the Circuit Court of Barbour County, Alabama, Eufaula Division. A true and correct copy of the complaint was attached to the Declaratory Judgment Complaint as Ex. 1. Plaintiffs Bernie Keys and Katie Keys allege that they owned a mobile home which was located in a lot owned and maintained by the Defendant, and that during the time they rented the lot, they noticed water and raw sewage running onto their lot. The Keys allege their trailer became infested with mold, which included the air ducts, carpet, floors and walls as well as the outside of the trailer. In April of 2006, the Keys allege they began to suffer health problems as a result of the mold, including pneumonia, bronchitis, and other respiratory problems, and were forced to move out of their home and into an apartment to avoid further complications from the sewage and mold infestation.

The specific counts of the underlying complaint are negligence, which the Keys claim is continuing in nature, wantonness, breach of a duty to keep the premises in a safe condition, negligent maintenance or failure to maintain the premises in a safe condition, failure to warn, and/or negligently failed to maintain, repair or provide said premises in a safe condition, nuisance, and trespass. The

Keys contend they have suffered the following injuries and damages:

> Plaintiff, Bernie Keys suffered personal injuries as a result of said defective condition including pneumonia and bronchitis as a direct result of the mold infestation; he experienced great physical pain and mental anguish and will continue to experience same in the future; he was caused to seek medical treatment in and about an effort to heal his aforesaid injuries; he was caused to incur great expenses for medical and drug bills as a result of treatments for his aforesaid injuries and will in the future be caused to undergo medical treatment and incur medical expenses as a result of said injuries; he was rendered less able to tend to his normal duties, activities, and pursuits; he was caused to suffer emotional distress; Plaintiff Bernie Keys has also incurred property damage, and severe economic loss.
>
> Plaintiff Katie Keys suffered personal injuries as a result of said defective condition including respiratory problems as a direct result of the mold infestation; she experienced great physical pain and mental anguish and will continue to experience same in the future; she was caused to seek medical treatment in and about an effort to heal her aforesaid injuries; she was caused to incur great expenses for medical and drug bills as a result of treatments for her aforesaid injuries and will in the future be caused to undergo medical treatment and incur medical expenses as a result of said injuries; she was rendered less able to tend to her normal duties, activities, and pursuits; he was caused to suffer emotional distress; Plaintiff Katie Keys has also incurred property damage, and severe economic loss.

See underlying complaint attached as Ex. 1 to the Declaratory Judgment Complaint.

The Prime Insurance Syndicate, Inc. is defending the underlying litigation pursuant to a reservation of rights. Demand has been made upon American Empire Surplus Lines to participate in the defense of the underlying lawsuit. See Exhibit 3 attached to Notice of Filing. As of this date, The Prime Insurance Syndicate, Inc. has not received a response to the demand made upon American Empire Surplus Lines.

## II.     Argument.

Zito asks this court to utilize its discretion to abstain from exercising jurisdiction over the federal action, and to dismiss this case solely based on the guidelines provided in Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328 (11th Cir. 2005). Zito's only argument is as follows:

> Under scrutiny of the factors listed above, it is clear the present case should be dismissed. A declaratory judgment action is not necessary in federal court as the issues raised in Prime's complaint can be addressed in state court under Alabama's Direct Action Statute. See Ala.Code 1975 § 27-23-2. It seems Prime is attempting to avoid a state court proceeding by racing to federal court. Prime's complaint for declaratory judgment is due to be dismissed.

Zito's Brief in Support of Motion to Dismiss at p. 3. Thus, Zito asserts that all of factors weigh in favor of declining jurisdiction, but does not explain the facts, as they relate to all of the factors, other than, presumably, the Keys can ultimately garnish the policy of insurance if a judgment is rendered in their favor.

Zito's argument is incorrect for many reasons. The Court in Ameritas noted that where a parallel suit is pending in a state court, " 'it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.' " Ameritas, 411 F.3d at 1330 (quoting Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 495 (1942)). However, as explained below, there are issues present in this action which will not be presented in the state court action. Moreover, abstention is not appropriate in

this case because this case is not "parallel" to the underlying state court proceeding. The Prime Insurance Syndicate is not a party to the underlying state court case, and the insurance coverage issues are not before the Circuit Court of Barbour County, Alabama. See Atlantic Casualty Insurance Company v. GMC Concrete Company, Inc., 2007 WL 4335499 * 3 (S.D.Ala. 2007). Because the parties, arguments and issues in this case differ from those in the underlying case in Barbour County, Alabama, there is no parallel state-court action. Id., citing Scottsdale Ins. Co. v. Detco Industries, Inc., 426 F.3d 994, 997 (8th Cir. 2005)("Suits are parallel if substantially the same parties litigate substantially the same issues in different forums.")(citations omitted). As noted in GMC Concrete: "A number of courts have either held or suggested that the absence of parallel proceedings undermines the premise of a Wilton[1] discretion analysis, rendering it inappropriate or inapplicable. Id., citing American Cas. Co. of Reading, Pennsylvania v. Sanders Hyland Corp., 2007 WL 841743, * 6 (S.D.Ala. Mar. 16, 2007)("where there are no parallel state proceedings, . . . the Brillhart[2] abstention doctrine is inapplicable and it is an abuse of discretion" to dismiss the declaratory judgment action)(footnote omitted).

Even assuming this Court finds that an abstention analysis is appropriate, Ameritas does not warrant abstention in this case. As noted by the district court in

---

[1] Wilton v. Seven Falls Co., 515 U.S. 277 (1995).

[2] Brillhart v. Excess Ins. Co. of America, 316 U.S. 491 (1942).

the GMC Concrete case, the bulk of the Ameritas guideposts (the state's interest in deciding the matter, the likelihood of friction between state and federal courts or encroachment on state proceedings, the importance of underlying facts, the relative posture of state and federal courts to decide the facts, and whether policy/legal considerations support the state or federal court deciding the matter) only favor abstention when both the state and federal courts are asked to decide the same legal or factual issues. However, even addressing the guideposts indicate this Court should not abstain from exercising jurisdiction.

The first consideration is the strength of the State of Alabama's interest in having the issues raised in this case decided in Alabama's courts. This dispute concerns the rights and obligations of The Prime Insurance Syndicate, Inc. with respect to the claims asserted by the Keys in connection with a policy of insurance issued to Zito in Georgia. The contract dictates that any dispute arising under the contract will be resolved according to Alabama law. Alabama's conflicts of laws indicate any coverage dispute will be resolved according to the law of the state where the last act is "receipt and acceptance" of the insurance policy. Brown Machine Works & Supply, Inc. v. Insurance Co. of North America, 951 F.Supp. 988 (M.D.Ala. 1996); see also Thompson v. Acceptance Ins. Co., 689 So. 2d 89 (Ala. 1996)(Kentucky law, rather than Alabama law, governed passenger's right to uninsured motorist's benefits under policy issued for delivery in Kentucky, even though vehicle was principally garaged in Alabama, even though accident occurred

in Alabama, and even though insured did business in Alabama). Therefore, it does not appear that the law of Alabama will govern the issues raised by the Declaratory Judgment Complaint.

The second consideration is whether this Court's judgment in the declaratory action would settle the controversy. The Prime Insurance Syndicate, Inc. provided a <u>claims made</u> policy of insurance to Zito. In order for coverage to be afforded, the insured must comply with the "strict claims reporting requirements" which require the insured to report a claim in writing to The Prime Insurance Syndicate, Inc. during the policy period. <u>See</u> Exhibit 1 attached to Notice of Filing, Bates Stamp pp. 00034. Therefore, there is an issue as to whether the insured reported the claim against it as required under the terms and provisions of the policy so as to be provided coverage under the policy. There are additionally issues as to whether the specific claims and damages alleged by the Keys are covered under the terms and provisions of the policy of insurance, and/or whether those claims and damages are excluded by the terms and provisions of the policy of insurance. There are further questions as to whether Zito sold the business involved in the underlying litigation, and whether coverage should be afforded to the entity identified as Level Acres Mobile Home Estates by another insurance carrier including American Empire Surplus Lines. The Prime Insurance Syndicate, Inc. would anticipate Zito would have no objection to American Empire Surplus Lines being added to this litigation to determine its obligations, if any, with respect to the entity identified by the Keys as

Level Acres Mobile Homes Estates.[3]

If this Court determines that the insured failed to comply with the reporting requirements of the claims made policy, and/or determines the claims are not covered under the policy and/or determines another carrier is responsible for providing any insurance coverage, then any dispute involving The Prime Insurance Syndicate, Inc. will be resolved. Therefore, this declaratory judgment action can resolve all issues raised by this case. The underlying state court action cannot fully resolve any of the insurance coverage issues because The Prime Insurance Syndicate is not a party to the litigation.

The third factor is whether this case would serve a useful purpose in clarifying the legal relations at issue. It cannot seriously be disputed that a declaration of insurance coverage issues would clarify the parties' legal relations. It also cannot be disputed that this Court should make a timely resolution of the insurance coverage issues rather than allowing the question to remain undecided while The Prime Insurance Syndicate defends a case to which it is not a party and to which it believes it has no obligation to defend.

The fourth factor inquires whether this case is being used merely for "'procedural fencing'-that is, to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case otherwise not removable." Ameritas, 411 F.3d

---

[3] The Prime Insurance Syndicate, Inc. determined the identity of American Empire Surplus Lines after it had filed the Declaratory Judgment Complaint, and anticipates adding American Empire Surplus Lines as a party to this litigation if the Court retains jurisdiction over this action.

at 1331. Prime Insurance Syndicate clearly did not file this action in a race to the courthouse, and did not file the action to achieve a federal hearing in an otherwise unremovable case.

The fifth factor is whether this case would increase friction between the federal and state courts by improperly encroaching on state court jurisdiction. This Court is empowered to exercise jurisdiction over a case which may involve the application of law outside the State of Alabama. It will not be exercising jurisdiction over a case at the expense of not allowing an Alabama court to decide questions of Alabama law binding on Alabama litigants. The state court case and this action do not involve overlapping legal issues as the Plaintiff is not a party to the state court proceeding.

The sixth factor asks whether an alternative remedy would be better or more effective than this case. The Prime Insurance Syndicate cannot become a party to the litigation in the underlying action as the Alabama Rules of Civil Procedure do not allow insurance disputes to be resolved within the lawsuit involving the insured. Therefore, the Circuit Court of Barbour County is not empowered to hear all aspects of this dispute. Additionally, there is no better alternative remedy because of the importance of adjudicating the duty to defend issues now.

The seventh factor is whether underlying factual issues are important to an informed resolution of this case. Many of the factual issues involved in this case cannot be resolved in the underlying state court action, i.e., whether proper notice

was given as required by the terms and provisions of the policy, and whether another insurer has a duty and/or obligation to participate in the underlying state court action.

The eighth factor asks whether a state trial court is better positioned to evaluate the disputed factual issues than this Court. Again, whether the claim was made within The Prime Insurance Syndicates' policy period is not an issue which the state court will be addressing in the claims filed against Zito.

The final factor is whether there is a close nexus between the underlying factual and legal issues and state law or public policy. The legal issues in this case involve either the application of Utah law or the application of Georgia law to parties that are from Alabama, Georgia, Utah and Illinois.

Even if the Ameritas guidelines apply to this action, which the Plaintiff disputes given there is no parallel state court proceeding, public policy and practical considerations weigh in favor of this Court exercising its jurisdiction to hear the Declaratory Judgment Complaint.

WHEREFORE, PREMISES CONSIDERED, The Prime Insurance Syndicate, Inc. respectfully requests that this Court enter an Order denying the Motion to Dismiss and retain jurisdiction over this cause.

/s/ Dorothy A. Powell
OF COUNSEL

**OF COUNSEL:**

PARSONS, LEE & JULIANO, P.C.
2801 Highway 280 South
300 Protective Center
Post Office Box 530630 (35253)
Birmingham, AL 35223-2480
(205) 326-6600
dpowell@pljpc.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 5th day of May, 2008, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Mr. Clint Wilson and Mr. Richard F. Horsley.

/s/ Dorothy A. Powell
OF COUNSEL

11