IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THE PRIME INSURANCE SYNDICATE, INC., ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CLAUDE J. ZITO d/b/a LEVEL ACRES ) <br> MOBILE HOME ESTATES, et al, ) <br> ) <br>     Defendants. ) | Civil Action No. 2:08cv185-WKW |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTION TO MOTION TO DISMISS

COMES NOW the Defendant, Claude J. Zito d/b/a Level Acres Mobile Home Estates (referred to herein sometimes as "Zito"), and in response to Plaintiff's Objection to Motion to Dismiss, shows unto this Honorable Court the following:

### INTRODUCTION

On or about the 10th day of July, 2008, Zito was sued in the Circuit Court of Barbour County, Alabama, Eufaula Division in the case styled <u>Bernie Keys, et al. v. Level Acres Mobile Home Estates</u>, Case No. CV-07-49.

On the 17th day of March, 2008, Plaintiff, The Prime Insurance Syndicate, Inc. (hereinafter "Prime"), filed its complaint for declaratory judgment to determine the rights and obligations of Prime under a policy of insurance it issued to Zito regarding the above said case styled <u>Bernie Keys, et al. v. Level Acres Mobile Home Estates</u>, Case No. CV-07-49. On or about the 26th day of March, 2008, Zito was served with Prime's complaint.

On the 11th day of April, Zito filed a Motion to Dismiss. On the 5th day of May, Plaintiff responded and objected to Zito's Motion.

## RESPONSE TO PLAINTIFF'S OBJECTION

It is in the Court's discretion to determine if a declaratory judgment action will be entertained if there is pending, at the time of the commencement of the declaratory action, another action or proceeding to which the same persons are parties, in which are involved and may be adjudicated the same identical issues that are involved in the declaratory action. In Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328 (11thCir. 2005), the Court adopted several factors to be considered by the district court in determining whether to abstain from exercising jurisdiction over state-law claims in the face of parallel litigation in the state courts. The factors for consideration to aid district courts in balancing state and federal interests include the following:

"(1)    the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;

"(2)    whether the judgment in the federal declaratory action would settle the controversy;

"(3)    whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;

"(4)    whether the declaratory remedy is being used merely for the purpose of 'procedural fencing'-that is, to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case otherwise not removable;

"(5)    whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;

"(6)    whether there is an alternative remedy that is better or more effective;

"(7)    whether the underlying factual issues are important to an informed resolution of

the case;

"(8)   whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

"(9)   whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action."

Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328, 1331 (11thCir. 2005). This list is not exhaustive and not one factor is controlling. Id.

Prime Insurance Syndicate, Inc. should enter the action in the state court through intervention. If it does so, Prime Insurance Syndicate, Inc. will allow the State to encompass the entire controversy. This joinder will allow the State to settle the controversy in a way that promotes judicial efficiency. By dismissing this declaratory judgment action, it will force Prime to properly intervene in the state court action.

Forcing this issue to state court will be a better and more effective remedy. If the declaratory judgment action remains in Federal Court, the Keys will not be allowed to litigate their claims in the same action. The state court is in a better position to evaluate all factual issues because the heart of the controversy, the Keys' personal injury claims, are being litigated in state court. If this action is allowed, the result would be two actions in two different courts with the same issues, but with no prudent results.

Also, a declaratory judgment action is not necessary in federal court as the issues raised in Prime's complaint can be addressed in state court under Alabama's Direct Action Statute. See Ala.Code 1975 § 27-23-2. It seems Prime is attempting to avoid a state court proceeding by racing to federal court. Prime's complaint for declaratory judgment is due to be dismissed.

WHEREFORE, THE PREMISES CONSIDERED, Defendant, Claude J. Zito d/b/a Level Acres Mobile Home Estates, prays this Honorable Court will dismiss Plaintiff's complaint for declaratory judgment.

Respectfully submitted this the 19th day of May, 2008.

__s/ Clint Wilson_____
Clint Wilson(WIL362)
Attorney for Respondant
OF COUNSEL:
McCOLLUM CRUTCHFIELD & WILSON
363-B East Glenn Avenue
Auburn, Alabama 36830
(334) 821-7799

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing document on the parties listed below electronically or by placing a copy of the same in the United States mail, postage prepaid, to their correct address on this the 19th day of May, 2008.

__s/ Clint Wilson_____
Clint Wilson(WIL362)
Attorney for Petitioner
OF COUNSEL:
McCOLLUM CRUTCHFIELD & WILSON
363-B East Glenn Avenue
Auburn, Alabama 36830
(334) 821-7799


Level Acres Mobile Home Estates
1253 North Eufaula Avenue
Eufaula, AL 36027

EPA, LLLP d/b/a Level Acres Mobile Home Estates
1253 North Eufaula Avenue
Eufaula, AL 36027

- 5 -

Bernie and Katie Keys
c/o Mr. Richard F. Horsley
1 Metroplex Drive, Suite 280
Birmingham, AL 35209

Ms. Dorothy Powell
P.O. Box 530630
Birmingham, AL 35253-0630